# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

TARIK COEFIELD, )
)
        Petitioner, )
   v. ) Civil Action
) No. 05-3594-CV-S-FJG-H
ROBERT McFADDEN, et al., )
)
        Respondents. )

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner contends that his sentence exceeded the guidelines, and requests a new trial or that the sentence be revoked.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam). The fact that a § 2255 motion has already been denied, that a petitioner has been denied permission to file a second or successive § 2255 motion, or that a petitioner has allowed the statute of limitations and/or grace period to

Dockets.Justia.com

expire, does not render § 2255 inadequate or ineffective.  Lurie, 207 F.3d at 1077.

Regardless of petitioner's assertions in this case, the action is improperly filed under the provisions of 28 U.S.C. § 2241.  The issues he raises are cognizable, if at all, in the sentencing court.  It is clear that this Court lacks jurisdiction of petitioner's claims.  Accordingly, it must be recommended that the petition be dismissed without prejudice.[1]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date:  1/5/06

---

[1] It is not clear whether petitioner is attempting to raise a challenge to the current conditions of his confinement in paragraph 13 of his petition.  In the event he intended to do so, he is reminded that this dismissal is without prejudice to his right to pursue a proper claim under 28 U.S.C. § 2241.